**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DOMINIC SIMPSON**                                                                            **PETITIONER**
**ADC # 119441**

**VS.**                                   **NO. 5:07CV00273 BD**

**LARRY NORRIS, Director,**
**Arkansas Dept. of Correction**                                                               **RESPONDENT**

**ORDER**

**I.   Background**

Petitioner Dominic Simpson was convicted by a jury of first degree murder in the Circuit Court of Garland County, Arkansas. He was sentenced to a term of forty years in the Arkansas Department of Correction. Petitioner was appointed new appellate counsel who filed a notice of appeal of his conviction with the Arkansas Court of Appeals on two issues: (1) whether the trial court erred in denying Petitioner's motion to transfer the case to juvenile court; and (2) whether the trial court erred in failing to grant Petitioner's motion for directed verdict. *Simpson v. State*, No. CACRC 01-684, 2001 WL 1626931, at *1 (Ark. App. Dec. 19, 2001). The Arkansas Court of Appeals found that both points raised by Petitioner lacked merit and affirmed his conviction by a mandate issued January 8, 2002. *Id*. at *1-*3.

On October 23, 2006, Petitioner filed a petition for post-conviction relief under Ark. R. Crim. P. 37.1. The trial court dismissed the petition as untimely, and the

Petitioner appealed that order to the Arkansas Supreme Court which agreed that the petition was untimely and dismissed the appeal. *Simpson v. State*, No. CR 07-299, 2007 WL 1448698, at *1 (Ark. May 17, 2007).

On October 23, 2007, Petitioner filed this habeas petition claiming: (1) ineffective assistance of counsel; (2) conflict of interest; (3) denial of an impartial jury; (4) violations of his Miranda rights; (5) denial of protection against self-incrimination; (6) prosecutorial misconduct; (7) violations of due process; (8) denial of a right to appeal; and (9) actual innocence. Respondent asserts that Petitioner's claims are barred by the statute of limitations. As explained below, Petitioner's claims are barred by the statute of limitations, and his petition for writ of habeas corpus must be denied.

**II.     Discussion**

A.     *The Applicable Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), established a one-year statute of limitations during which a state prisoner may commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period shall run from, "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." Under United States Supreme Court Rule 13, a petition for writ of certiorari is timely if filed within ninety days after the entry of the judgment in question.

When a petitioner does not file a petition within the prescribed period, his convictions become final. *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999)(state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari).

The Arkansas Court of Appeals affirmed Petitioner's conviction on December 19, 2001, and issued a mandate on January 6, 2002. Petitioner was eligible to petition for a writ of certiorari to the United States Supreme Court for ninety days thereafter, or until April 6, 2002, but he did not do so. Thus, the statute of limitations for filing a habeas petition expired on April 5, 2003, several years before this habeas petition was filed on October 23, 2007.

B.   *Tolling Under 28 U.S.C. § 2244(d)(2)*

Title 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." However, a petition for Rule 37 post-conviction relief that is not filed within 60 days of the mandate's issuance is not a "properly filed application for state post-conviction or other collateral review" and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006).

In this case, the Arkansas Supreme Court ruled that Petitioner did not file a timely Rule 37 petition in order for the trial court to have jurisdiction. *Simpson*, 2007 WL 1448698, at *1; *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141 (2002) (holding that if the state supreme court clearly rules that the filing is untimely then that is the "end of the matter"). Accordingly, Petitioner's Rule 37 petition was not "properly filed," and the statute's tolling provision does not apply.

C.   *Equitable Tolling*

Petitioner's habeas petition is barred unless it is subject to equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling applies only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or when the respondent's conduct has lulled the plaintiff into inaction. *Id*. (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)). Equitable tolling is an "exceedingly narrow window of relief." *Id*. at 805.

Petitioner does not argue that any action on the part of the Respondent lulled him into inaction. Instead, he argues that ineffective assistance of counsel and ignorance of the law made it impossible for him to file his petition on time.[1] The Eighth Circuit has

---

[1] In his reply, Plaintiff also argues that failure to toll the statute of limitations will result in a miscarriage of justice. Miscarriage of justice is usually raised as an exception to dismissal of a habeas petition on the grounds of procedural default. The miscarriage of justice exception is concerned only with claims of actual innocence, not legal innocence. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). A claim of actual innocence requires that petitioner support his allegation of constitutional error with new

ruled that ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). The Court has left open the possibility of an exception in cases where counsel falsely represents to his or her client that a habeas petition has already been filed. *Id*. However, Petitioner has not alleged that his counsel represented to him at any time that he would file, or had filed, a habeas petition on his behalf. The Eighth Circuit also has held that ignorance of the law does not justify equitable tolling. See *e.g.*, *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate grounds to warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (holding that petitioner's failure to recognize the importance of the one-year statute of limitations is not an extraordinary circumstance warranting equitable tolling).

---

reliable evidence such as a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*. Petitioner's "miscarriage of justice" claim is a legal innocence claim that the evidence presented at trial did not support the verdict, and not a claim of actual innocence supported by newly discovered evidence. Consequently, even if a miscarriage of justice exception were applicable, Petitioner has not come forward with any new evidence to establish actual innocence.

The Court has carefully reviewed Petitioner's submissions and has liberally construed the pleadings. The Court cannot find anything in Petitioner's submissions to justify tolling the limitations period. Petitioner knew, or should have known through the exercise of due diligence, of all filing deadlines and all of his claims by the day his convictions became final. Accordingly, because the petition was filed outside the one-year limitations period established by 28 U.S.C. § 2244(d), it must be dismissed.

### III. Conclusion

Petitioner's claims are barred by the statute of limitations. Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (#2) must be, and hereby is, DISMISSED in its entirety, with prejudice.

IT IS SO ORDERED this 13th day of December, 2007.

_____
UNITED STATES MAGISTRATE JUDGE